**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000336
29-JUN-2012
09:47 AM**

NO. CAAP-11-0000336

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEE-ANN RAFOL, Individually and as Personal
Representative of the Estate of TITO G. RAFOL,
Deceased, and as Next Friend of KAYLEE C. RAFOL
and KYLE C. RAFOL, Minors,
Plaintiffs-Appellants,
v.
LITO AGMATA MATEO aka HERMELITO MATEO;
CORNELIA MATEO; HENRY T. MATEO;
MARRIOTT HOTEL SERVICES, INC.,
dba WAIKOLOA BEACH MARRIOTT RESORT;
JOHN DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE ASSOCIATIONS 1-10; AND DOE CORPORATIONS 1-10,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-065K)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley, and Fujise, JJ.)

Plaintiffs-Appellants Lee-Ann Rafol, Individually and
as Personal Representative of the Estate of Tito G. Rafol,
Deceased; and as Next Friend of Kaylee C. Rafol and Kyle C.
Rafol, Minors (collectively, Plaintiffs) appeal from the Judgment
entered May 3, 2011 (May 3, 2011 Judgment)[1] in the Circuit Court

---

[1] Plaintiffs filed their April 7, 2011 notice of appeal prematurely, after the circuit court's "Order Granting Defendant Marriott Hotel Services, Inc. dba Waikoloa Beach Marriott Resort's Motion for Certification and Entry of Final Judgment Pursuant to Rule 54(b), HRCP With Respect to Order Granting Defendant Marriott Hotel Services, Inc. dba Waikoloa Beach Marriott Resort's Motion for Summary Judgment, Filed April 20, 2009, Filed on April 26, 2010, Filed on July 13, 2010" filed on March 9, 2011, but prior to the entry of the

of the Third Circuit[2] (circuit court). The circuit court entered judgment in favor of Defendant-Appellee Marriott Hotel Services, Inc. dba Waikoloa Beach Marriott Resort (Marriott) pursuant to the "Order Granting Defendant Marriott Hotel Service's, Inc. dba Waikoloa Beach Marriott Resorts Motion for Summary Judgment, Filed April 20, 2009", filed April 26, 2010 and the "Order Granting Defendant Marriott Hotel Services, Inc. dba Waikoloa Beach Marriott Resort's Motion for Certification and Entry of Final Judgment Pursuant to Rule 54(b), HRCP with Respect To Order Granting Defendant Marriott Hotel Services, Inc. dba Waikoloa Beach Marriott Resort's Motion for Summary Judgment, Filed April 20, 2009, Filed on April 26, 2010, Filed on July 13, 2010" filed March 9, 2011.

On appeal, Plaintiffs contend the circuit court erred in granting summary judgment by:

(1) finding that Plaintiffs' claims are barred by the workers' compensation exclusive remedies provision, Hawaii Revised Statutes (HRS) HRS § 386-5 (1993);

(2) finding that Plaintiffs failed to establish that Marriott had a duty to warn;

(3) failing to view all of the evidence and inferences drawn in the light most favorable to the Plaintiffs; and

(4) failing to consider Plaintiffs' claims of Marriott's duty to control its employee.

## I. BACKGROUND

This case arises out of the death of Tito G. Rafol (Rafol), an employee with Marriott. On March 8, 2007, Rafol was walking to his vehicle after completing his work shift, when he was shot numerous times with a semi-automatic pistol by Lito Agmata Mateo (Mateo), another Marriott employee. Rafol died from his wounds. It is undisputed that Mateo shot Rafol because of an

---

May 3, 2011 Judgment. However, Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(2) allows for premature appeals under these circumstances.

[2] The Honorable Elizabeth A. Strance presided.

extramarital affair between Rafol and Mateo's wife. It is also undisputed that Marriott knew of the affair prior to the shooting.

On May 9, 2007, Plaintiffs filed a Dependent's Claim for Compensation with the State of Hawai'i Department of Labor and Industrial Relations, Disability and Compensation Division (Disability and Compensation Division). On September 17, 2007, the Disability and Compensation Division denied the claim, stating that "[s]ince there is no work-connected motive for the shooting, it is determined that [Mateo's] willful act was due to a personal matter of unknown origin between the parties."

Plaintiffs filed a Complaint against Marriott on March 4, 2009. In response, Marriott filed a "Motion to Dismiss Pursuant to Rule 12(b)(6), HRCP" (Motion to Dismiss) on April 20, 2009. Marriott argued that Plaintiffs' claims were barred from workers' compensation, or in the alternative, that Marriott could not be held liable for the conduct of Mateo. At a hearing on June 15, 2009, the circuit court converted the Motion to Dismiss to a Motion for Summary Judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 56(f).

On April 26, 2010, the circuit court issued its "Order Granting [Mariott's] Motion for Summary Judgment, Filed April 20, 2009" and found that:

> 1. Plaintiff's claims are barred by the worker's compensation exclusive remedies. *See* [HRS] § 386-5, as amended.
>
> 2. Even if Plaintiff's claims were not barred, the Court finds that Plaintiff has failed to establish that [Marriott] had a duty to warn.
>
> 3. Furthermore, Plaintiff's punitive damages claim is derivative of Plaintiff's substantial claim and therefore, shall be dismissed.

On May 26, 2010, Plaintiffs filed a motion for reconsideration, which the circuit court denied on July 7, 2010. Plaintiffs filed their appeal on April 7, 2011. The circuit court entered its judgment in favor of Marriott on May 3, 2011.

## II. STANDARDS OF REVIEW

On appeal, the grant or denial of summary judgment is reviewed *de novo*. *See State ex rel. Anzai v. City and County of Honolulu*, 99 Hawai'i 508, [515], 57 P.3d 433, [440] (2002); *Bitney v. Honolulu Police Dep't*, 96 Hawai'i 243, 250, 30 P.3d 257, 264 (2001).

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.
>
> *Kahale v. City and County of Honolulu*, 104 Hawai'i 341, 344, 90 P.3d 233, 236 (2004) (citation omitted).

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008).

## III. DISCUSSION

**A. The circuit court erred in ruling that Plaintiffs' claims are barred by the workers' compensation exclusive remedies provision of HRS § 386-5.**

Plaintiffs argue that circuit court erred in ruling Plaintiffs' claims are barred from workers' compensation. Under the exclusive remedies provision of Hawai'i Workers' Compensation Law:

> [t]he rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise[.]

HRS § 386-5.

Plaintiffs contend the above stated exclusive remedies provision does not apply to this case because Rafol's death is not covered by workers' compensation. HRS § 386-3 (2011 Repl.) governs injuries covered by workers' compensation.

4

> If an employee suffers personal injury either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
>
> Accident arising out of and in the course of the employment includes the wilful act of a third person directed against an employee because of the employee's employment.

HRS § 386-3(a) (emphasis added).

It is well settled that

> [f]or an injury to be compensable under a workers' compensation statute, there must be a requisite nexus between the employment and the injury. The nexus requirement is articulated in Hawai‘i, as in the majority of jurisdictions, on the basis that, to be compensable, an injury must arise out of and in the course of employment.

Zemis v. SCI Contractors, Inc., 80 Hawai‘i 442, 445, 911 P.2d 77, 80 (1996) (quoting Tate v. GTE Hawaiian Tel. Co, 77 Hawai‘i 100, 103, 881 P.2d 1246, 1249 (1994)). "Under HRS § 386-3, where an employee is injured by the wilful act of a third person, a causal connection between the employment and the resulting injury may be found if the wilful act of the third person was 'directed against [the] employee because of the employee's employment.'" Zemis, 80 Hawai‘i at 446, 911 P.2d at 81.

In Zemis, Charles Zemis, an employee with SCI Contractors, was assaulted by fellow employee Michael Gangloff. The assault arose out of a dispute over a car accident between Zemis and Gangloff's wife. Id. at 444, 911 P.2d at 79. The court concluded that Zemis was "not entitled to workers' compensation benefits because Zemis was not assaulted 'because of [his] employment' and, therefore, the injuries he sustained as a result of the assault by Gangloff did not arise out of and in the course of his employment." Id. at 449, 911 P.2d at 84.

The instant case is analogous to Zemis. Here, Rafol's death was caused by the intentional acts of a co-worker as a result of a dispute over the extramarital affair between Rafol and Mateo's wife. Nothing indicated that Rafol's killing was related to his employment.

HRS § 386-3(a) allows workers' compensation for injuries from willful acts of a third person directed against an employee because of the employee's employment.  Because Rafol's killing was not due to his employment, this case is not covered by workers' compensation, and as such, the exclusive remedies provision does not apply.  Therefore, the circuit court erred in ruling that Plaintiffs' claims were barred by the exclusive remedies provision.

> **B.** **The circuit court did not err in ruling that Plaintiffs failed to establish a duty to warn.**

Plaintiffs argue the circuit court erred in ruling that Plaintiffs failed to establish that Marriott had a duty to warn. Plaintiffs contend Marriott's failure to follow its own workplace violence policies had unreasonably created a condition of employment that foreseeably enhanced the risk of criminal attack. However, Marriott contends that even if the circuit court erred in ruling the exclusive remedies provision did not apply, the error was harmless because Plaintiffs failed to establish a duty to warn.

Under common law, an employer has a duty to exercise reasonable care for the safety of employees:

> [a] master is subject to a duty that care be used either to provide working conditions which are reasonably safe for his servants and subservants, considering the nature of the employment, or to warn them of risks of unsafe conditions which he should realize they may not discover by the exercise of due care.

Haworth v. State, 60 Haw. 557, 560, 592 P.2d 820, 823 (1979) (quoting Restatement (Second) of Agency § 492 (1958)).  "[C]ourts have generally declined to impose a duty to protect another against the criminal acts of a third party."  Doe v. Grosvenor Properties (Hawaii) Ltd., 73 Haw. 158, 162, 829 P.2d 512, 516 (1992).  "Exceptions to the general rule that there is no duty to protect may arise when justified by the existence of some special relationship between the parties."  Id. at 163, 829 P.2d at 516. Furthermore, a "principal is subject to liability in an action of tort for failing to use care to warn an agent of an unreasonable

6

risk involved in the employment, if the principal should realize that it exists and that the agent is likely not to become aware of it, thereby suffering harm." Restatement (Second) of Agency § 471 (1958).

While an employee-employer relationship may give rise to a duty to warn, "based on section 471 of the Restatement (Second) of Agency, a duty for an employer to issue a warning to an employee would arise only where the risk is (1) unreasonable, (2) involved in the employment, (3) foreseeable, and (4) the employee is not likely to become aware of it on his own." MacDonald v. Hinton, 836 N.E.2d 893, 899, 297 (Ill. App. 1 Dist., 2005). Therefore, the danger must be "involved in the employment" in order to invoke an employer's duty to warn. "[I]n order for the risk to be 'involved in the employment,' it must arise from the particular nature of the employment." Id. at 901.

In this case, the shooting of Rafol by Mateo did not arise from Rafol's employment. Therefore, the circuit court did not err in ruling that Plaintiffs failed to establish that Marriott had a duty to warn.

C.     **The circuit court did not err in not ruling that Marriott had a duty to control Mateo.**

Plaintiffs argue that Marriott had a duty to control Mateo. In granting Marriott's motion for summary judgment, the circuit court did not address the issue of Marriott's duty to control.

A claim for negligent failure to control an employee "may arise when the acts complained of are so connected in time and place with the employment as to give the employer a special opportunity to control the employee." Costa v. Able Distributors, Inc., 3 Haw. App. 486, 490, 653 P.2d 101, 105 (1982) (citing Restatement (Second) of Torts § 317 (1965)). The Restatement (Second) of Torts § 317 outlines the duty to control.

A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming

others or from so conducting himself as to create an
unreasonable risk of bodily harm to them, if

    (a) the servant

        (i) is upon the premises in possession of
the master or upon which the servant is
privileged to enter only as his servant, or

        (ii) is using a chattel of the master, and

    (b) the master

        (i) knows or has reason to know that he
has the ability to control his servant, and

        (ii) knows or should know of the necessity
and opportunity for exercising such control.

Thus, "[i]n order for the plaintiff to recover, he must show that the employer knew or should have known of the necessity and opportunity for exercising such control over the employee." Costa, 3 Haw. App. at 490, 653 P.2d at 105 (1982).

Marriott contends "there is no evidence that Marriott knew or had any reason [to] know of any dangerous or violent propensities on the part of [Mateo]." The Hawai'i Supreme Court has held:

"when an employer has no reasonable basis for knowing that
its employees are engaging in on-premises conduct . . .
which is outside the scope of their employment, in such a
way as to necessitate the exercise of control by the
employer in order to protect others from an unreasonable
risk of bodily harm, the employer can have no liability to
an injured plaintiff pursuant to Restatement § 317."

Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Hawai'i 433, 445, 879 P.2d 538, 550 (1994) (citing Abraham v. S. E. Onorato Garages, 50 Haw. 628, 446 P.2d 821 (1968)).

Plaintiffs cite to Wong-Leong, in which the court held that an employer had a duty to control an employee who caused a fatal car accident when the employer knew of the employees regular consumption of alcohol on work property. Wong-Leong, 76 Hawai'i at 446, 879 P.2d at 551. The court in Wong-Leong held that when "employees are systematically and consistently consuming alcohol on company premises after working hours," an

8

employer should know of the necessity and opportunity to control its employees "as to avoid the foreseeable risk that an inebriated employee will injure a third party in a motor vehicle accident." Id.

In this case, no such foreseeable risk was present. While Marriott did know of the affair, and of Mateo's knowledge of the affair, Marriott had no reason to know or believe that Mateo would cause harm to Rafol on Marriott property. There is no evidence to indicate that Rafol had violent tendencies or that he was noticeably upset at work over the affair. Because Marriott neither knew, nor should have known of the necessity for exercising such control over Mateo, Plaintiffs failed to establish that Marriott had a duty to control Mateo.

## IV.   CONCLUSION

The May 3, 2011 Judgment filed in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Martin A. Berger
Steven D. Strauss
for Plaintiffs-Appellants.

Richard F. Nakamura
Diane W. Wong
(Ayabe, Chong, Nishimoto,
Sia & Nakamura)
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

9